U.S. DISTRICT COURT
DISTRICT OF N.H.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

2008 ⌐⌐ ⁝⁝   ⌐ 32

LIBERTARIAN PARTY OF NEW HAMPSHIRE,
BOB BARR, WAYNE A. ROOT, BRENDAN
KELLY and HARDY MACIA,

08 - cv - 367

                    Plaintiffs,

v.

WILLIAM M. GARDNER, in his Official Capacity
as Secretary of State of New Hampshire,

                    Defendant.


COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Introduction

1.     The plaintiffs are an alternative political party (the Libertarian Party of

New Hampshire, hereinafter "LPNH"); its chairman (Brendan Kelly); one of its

supporters (Hardy Macia); and the national Libertarian Party's candidates for

President and Vice President of the United States (Bob Barr and Wayne A. Root),

on whose behalf nomination papers have been circulated and filed pursuant to N.H.

Rev. Stat. Ann. § 655:40.  Plaintiffs Kelly and Macia also sue in their capacity as

New Hampshire voters who want to support and vote for the Libertarian Party and

for Barr and Root, its candidates for President and Vice President, in the general

election on November 4, 2008.  Defendant Secretary of State is the chief election

officer of New Hampshire.

2.      Upon information and belief, the Secretary of State plans to list on the November ballot not one but *two* Libertarian Party candidates for President of the United States, namely, plaintiff Bob Barr and one George Phillies, on whose behalf nomination papers were also circulated and filed pursuant to N.H. Rev. Stat. Ann. § 655.40.

3.      The Secretary of State has refused to permit the plaintiffs to substitute the Barr candidacy for the Phillies candidacy and has refused to list Barr on the November ballot as the sole Libertarian Party candidate for President.

4.      The plaintiffs seek declaratory and injunctive relief from the Secretary of State's refusal to permit such substitution.

<u>**Jurisdiction and Venue**</u>

5.      Federal jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

6.      Venue lies in this district under 28 U.S.C. § 1391(b).

<u>**Parties**</u>

7.      Plaintiff LPNH is an affiliation of voters formed for the purpose of influencing public policy by a variety of means, which include running candidates for public office and disseminating its views on policy issues through its candidates'

2

campaigns. The LPNH was founded in or about 1972 and is the New Hampshire affiliate of the national Libertarian Party. It was a ballot-qualified "party" within the meaning of N.H. Rev. Stat. Ann. § 652.11 from November 1990 to November 1996.

8.    Plaintiff Bob Barr resides in Smyrna, Georgia and is the Libertarian Party candidate for President of the United States, having been nominated for that office at the Libertarian national convention held over the Memorial Day weekend during the period May 22-26, 2008. He represented Georgia's seventh congressional district in the United States House of Representatives from 1995 to 2003.

9.    Plaintiff Wayne A. Root resides in Henderson, Nevada and is the Libertarian Party candidate for Vice President of the United States, having been nominated for that office at the Libertarian national convention.

10.    Plaintiff Brendan Kelly resides in Seabrook, New Hampshire and is the chairman of plaintiff LPNH. He is a selectman in Seabrook and is a candidate for the New Hampshire House of Representatives.

11.    Plaintiff Hardy Macia resides in Canterbury, New Hampshire and is an active member and supporter of the LPNH.

12.    Defendant William M. Gardner is the Secretary of State of New Hampshire and, as such, is the chief election officer of New Hampshire.

**Facts**

13.     During the period May 22-26, 2008, the Libertarian Party held a national nominating convention in Denver, Colorado at which plaintiffs Barr and Root were nominated as the party's candidates for President and Vice President of the United States, respectively.

14.     At the convention, the aforementioned George Phillies also sought the nomination for President but was defeated by plaintiff Barr.

15.     Upon information and belief, anticipating that he might win the nomination but have insufficient time to obtain the 3,000 valid nomination papers required for access to the New Hampshire ballot, Phillies caused the requisite number of nomination papers to be circulated and filed on his behalf prior to the convention.

16.     On or about July 30, 2008 Phillies qualified to be listed on the November ballot as a candidate for President on the Libertarian Party line.

17.     After the convention, the requisite number of nomination papers were circulated and filed on Barr's behalf.

18.     On or about September 3, 2008 Barr qualified to be listed on the November ballot as a candidate for President on the Libertarian Party line.

19.     Plaintiffs expended some $20,400 to qualify Barr for the ballot.

4

20.    Upon information and belief, Barr will be listed on the ballots of at least 48 states as the (only) Libertarian Party candidate for President.  New Hampshire is the only state in which, absent judicial intervention, a second individual will also be listed on the ballot as a Libertarian Party candidate for President.

21.    The plaintiffs have sought to substitute the Barr candidacy for the Phillies candidacy and to have Barr listed on the November ballot as the sole Libertarian Party candidate for President.

22.    The Secretary of State has refused to permit such substitution and, upon information and belief, plans to list both Barr and Phillies on the November ballot as Libertarian Party candidates for President of the United States.

23.    Plaintiffs seek declaratory and injunctive relief from the Secretary of State's refusal to permit the substitution of Barr for Phillies and to list Barr on the November ballot as the sole Libertarian Party candidate for President.  Plaintiffs assert that the Secretary of State's refusal to permit such substitution unduly burdens their rights to cast their votes effectively, to associate for the advancement of political beliefs, and to have due process and equal protection of law.  They further assert that New Hampshire has no state interest which makes it necessary to burden their rights.

## Claims

24.     Plaintiffs state a claim under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States in that the Secretary of State's refusal to permit the substitution of Barr for Phillies and to list Barr on the ballot as the only Libertarian Party candidate for President impairs plaintiffs' rights to have due process and equal protection of law, to cast their votes effectively and to associate politically, including their "constitutional right ... to create and develop [a] new political part[y]," *Norman v. Reed*, 502 U.S. 279, 288 (1992), and such impairment of plaintiffs' rights cannot be justified by a sufficient state interest.

25.     Plaintiffs state a claim under 42 U.S.C. § 1983.

26.     Plaintiffs state a claim for attorney fees and costs under 42 U.S.C. § 1988.

## Other Averments

27.     By refusing to permit the substitution of the Barr candidacy for the Phillies candidacy, and by refusing to list Barr on the ballot as the only Libertarian Party candidate for President, the Secretary of State is acting under color of state law to deprive plaintiffs of due process and equal protection of law and of speech, voting and associational rights secured by the First and Fourteenth Amendments to

6

the Constitution of the United States.  Defendant Secretary of State is therefore liable to plaintiffs pursuant to 42 U.S.C. § 1983.

28.    Plaintiffs have no adequate remedy at law and will suffer irreparable injury unless injunctive relief is granted.

### Relief Requested

29.    WHEREFORE, plaintiffs request the following relief:

a.    a declaration that the Secretary of State's refusal to permit the substitution of the Barr candidacy for the Phillies candidacy, and to list Barr on the ballot as the only Libertarian Party candidate for President, is unconstitutional;

b.    a declaration that the Secretary of State is in violation of 42 U.S.C. § 1983;

c.    preliminary and permanent injunctions prohibiting the Secretary of State from refusing to permit the substitution of the Barr candidacy for the Phillies candidacy and to list Barr on the ballot as the sole Libertarian Party candidate for President;

d.    reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

e.    such other and further relief as may be just and proper.

Dated: September 4, 2008

Gary Sinawski
180 Montague Street 25th Floor
Brooklyn, NY 11201
Telephone: (516) 971-7783
E-mail: gsinawski@aol.com

s/Evan F. Nappen

Evan F. Nappen
280 Pleasant Street, Ste. 2
Concord, NH 03301
Telephone: (603) 223-0001
Telefax: (603) 223-0007
E-mail: gunesq1@verizon.net

Attorneys for Plaintiffs

8