UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*************************************
                                    *
Libertarian Party of New Hampshire, *
et al                               *
                                    *
          Plaintiff                 *
                                    *      Civil Action No. 08-CV-367-JM
v.                                  *
                                    *
William Gardner in his official capacity *
as Secretary of State of New Hampshire *
                                    *
                                    *
          Defendant                 *
                                    *
*************************************
```

## <u>ANSWER TO PLAINTIFFS' COMPLAINT</u>

NOW COME William Gardner, in his official capacity as New Hampshire Secretary of State ("Secretary of State"), by and through counsel, the Office of the Attorney General, and submits this answer to Libertarian Party of New Hampshire, et als' ("Plaintiffs") complaint, and in support thereof, states as follows:

1.    Paragraph 1 of Plaintiffs' complaint is an introductory paragraph and party information to which no response is required.  To the extent that any facts are alleged, they are not contested.

2.    As to Paragraph 2, the Secretary of State admits Plaintiffs' factual speculation concerning whom Plaintiffs' believe the Secretary of State plans to list as Libertarian candidates on the November ballot and that nomination papers were circulated on behalf of George Phillies pursuant to N.H. RSA 655:40.

3.      As to paragraph 3, the Secretary of State admits that pursuant to New Hampshire law, he refused to permit Plaintiffs to substitute the Barr candidacy for the Phillies candidacy and has refused to list Barr on the November ballot as the sole Libertarian party candidate for President.

4.      Paragraph 4 refers to certain damages Plaintiff seeks to which no response is required.

5.      Paragraph 5 is jurisdictional information to which no response is required.

6.      Paragraph 6 is venue information to which no response is required.

7.      Paragraph 7 is party information to which no response is required.  To the extent that any factual information is alleged it is not contested.

8.      As to paragraph 8, the Secretary of State is without sufficient information and belief as to whether Bob Barr resides in Smyrna, Georgia and is the Libertarian candidate for President of the United States, having been nominated for that office at the Libertarian national convention on May 22-26, 2008 and is therefore denied.  The Secretary of State is without sufficient information and belief as to whether Bob Barr represented Georgia's seventh congressional district in the United States House of Representatives from 1995 to 2003 and is therefore denied.

9.      As to paragraph 9, the Secretary of State is without sufficient information and belief as to whether Wayne Root resides in Henderson, Nevada and is the Libertarian candidate for Vice President of the United State, having been nominated for that office at the Libertarian national convention and is therefore denied.

10.     As to paragraph 10, the Secretary of State is without sufficient information and belief as to whether Brendon Kelly resides in Seabrook, New Hampshire and is the

chairman of Plaintiff LPNH and whether he is a selectman in Seabrook and is a candidate for the New Hampshire House of Representatives and is therefore denied.

11.     As to paragraph 11, the Secretary of State is without sufficient information and belief as to whether Hardy Marcia resides in Canterbury, New Hampshire and is an active member and supporter of LPNH and is therefore denied.

12.     As to paragraph 12, the Secretary of State admits that he is the Secretary of State of New Hampshire and is the chief election officer of New Hampshire.

13.     As to paragraph 13, the Secretary of State is without sufficient information and belief as to whether the Libertarian Party held a national nominating convention during the period May 22-26, 2008 in Denver, Colorado at which plaintiffs Barr and Root were nominated as the party's candidates for President and Vice President of the United States, respectively and is therefore denied.

14.     As to paragraph 14, the Secretary of State is without sufficient information and belief as to whether the aforementioned George Phillies also sought the nomination for President but was defeated by plaintiff Barr and is therefore denied.

15.     As to paragraph 15, the Secretary of State is without sufficient information and belief as to whether Phillies anticipated that he might win the nomination but had insufficient time to obtain the 3,000 valid nomination papers required for access to the New Hampshire ballot and caused the requisite number of nomination papers to be circulated and filed on his behalf prior to the convention and is therefore denied.

16.     Paragraph 16 does not provide sufficient information for the Secretary of State to admit or deny, and therefore it is denied.  By way of further answer on July 30, 2008 George Phillies qualified to be listed on the November 4, 2008 ballot as a candidate

for President of the Untied States.  Pursuant to the nomination papers completed and submitted to the New Hampshire Secretary of State's Office, George Phillies stated that he represented a political organization called the Libertarian Party.  The State of New Hampshire does not have a Libertarian Party column (line) on its November 4, 2008 General Election ballot, rather it has an "Other Candidates" column (line) in which Bob Barr, George Phillies and other candidates are placed who not associated with the statutorily recognized parties in New Hampshire.

17.     As to paragraph 17, the Secretary of State is without sufficient information and belief as to whether after the convention, the requisite number of nomination papers were circulated and filed on Barr's behalf and is therefore denied.

18.     Paragraph 18 does not provide sufficient information for the Secretary of State to admit or deny, and therefore it is denied.  By way of further answer, on September 3, 2008, Bob Barr qualified to be listed on the November ballot as a candidate for President of the Untied States.  Pursuant to the nomination papers completed and submitted to the New Hampshire Secretary of State's Office, Bob Bar stated that that he represented a political organization called the Libertarian Party.  The State of New Hampshire does not have a Libertarian Party column (line) on its November 4, 2008 General Election ballot, rather it has an "Other Candidates" column (line) where Bob Barr, George Phillies and other candidates are placed who not associated with the statutorily recognized parties in New Hampshire.

19.     As to paragraph 19, the Secretary of State is without sufficient information and belief as to whether plaintiffs expended some $20,400 to qualify Barr for the ballot and is therefore denied.

20.     As to paragraph 20, the Secretary of State is without sufficient information and belief as to whether Barr will be listed on the ballots of at least 48 states as the (only) Libertarian Party candidate for President and is therefore denied.

21.     As to paragraph 21, the Secretary of State is without sufficient information and belief as to whether Plaintiffs have sought to substitute the Barr candidacy for the Phillies candidacy and to have Barr listed on the November ballot as the sole Libertarian Party candidate for President and is therefore denied.  By way of further answer, Plaintiffs' requested that the Secretary of State remove George Phillies name from the November 4, 2008 General Election ballot and in accordance with New Hampshire law, the Secretary of State refused such request.

22.     As to paragraph 22, the Secretary of State is without sufficient information and belief as to whether the Secretary of State refused to permit such substitution and plans to list both Barr and Phillies on the November ballot as Libertarian Party candidates for President of the United States and is therefore denied.  By way of further answer, Bob Barr and George Phillies are listed on the November 4, 2008 General Election ballot in accordance with New Hampshire law.

23.     Paragraph 23 refers to certain damages and contains legal conclusions or argument that do not require a response.

24.     Paragraph 24 contains legal conclusions or argument that do not require a response.

25.     Paragraph 25 contains legal conclusions or argument that do not require a response.

26.     Paragraph 26 refers to certain damages and contains legal conclusions or argument that do not require a response.

27.     Paragraph 27 contains legal conclusions or argument that do not require a response.

28.     Paragraph 28 contains legal conclusions or argument that do not require a response.

29.     Paragraph 26 refers to certain damages and requested relief to which no response is required.

### First Affirmative Defense

a.     Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

b.     The Secretary of State is entitled to qualified immunity.

### Third Affirmative Defense

c.     Plaintiffs' claims are barred by sovereign immunity.

### Forth Affirmative Defense

d.     This action is barred by the doctrine of absolute immunity.

### Fifth Affirmative Defense

e.     Plaintiffs lack standing to bring this action.

### Sixth Affirmative Defense

f.     This Court does not have jurisdiction to hear Plaintiffs' claims.

The Secretary of State reserves the right to amend the list of affirmative defenses.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

A.      Dismiss the action with prejudice; and

B.      Grant such other and further relief as the court may deem just and equitable.

> Respectfully submitted,
> By their attorneys,
>
> KELLY A. AYOTTE
> Attorney General
>
> /s/ James W. Kennedy
> James W Kennedy
> Bar No. 15849
> Assistant Attorney General
> Civil Bureau
> New Hampshire Department of Justice
> 33 Capitol Street
> Concord, New Hampshire 03301-6397
> (603) 271-3650
> james.kennedy@doj.nh.gov

## CERTIFICATE OF SERVICE

October 23, 2008

I hereby certify that copies of the foregoing were delivered to Gary Sinawski, Esquire and Evan F. Nappen, Esquire, counsel for the Plaintiffs, via the federal court's ECF filing system.

> /s/ James W. Kennedy_____
> James W. Kennedy
> Bar No. 15849

307788